UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00015-MR

| | |
|---|---|
| MARTY TARELL GASTON,       )<br>                            )<br>         Petitioner,         )<br>                            )<br>vs.                         )<br>                            )<br>STATE OF NORTH CAROLINA,    )<br>                            )<br>         Respondent.        )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner, Marty Tarell Gaston, pursuant to 28 U.S.C. § 2254 on January 11, 2022.  [Doc. 1].

**I.    BACKGROUND**

Marty Tarell Gaston (the "Petitioner") is currently serving a sentence of 240 to 297 months of incarceration following a July 20, 2012 conviction in Mecklenburg County Superior Court for second-degree murder.  [Doc. 1 at 1-2]; State v. Gaston, 748 S.E.2d 21 (N.C. Ct. App. 2013).  The Petitioner filed a direct appeal on grounds that he was entitled to a voluntary manslaughter instruction based on self-defense.  The appellate court found no error and upheld the conviction.  [Id.].  The Petitioner subsequently filed a petition for discretionary review with the North Carolina Supreme Court and

his request was denied on November 7, 2013. [Doc. 1 at 2-3]; State v. Gaston, 367 N.C. 265 (N.C. 2013).

On October 14, 2014, the Petitioner filed a post-conviction motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court, raising ineffective assistance of trial counsel for failure to present evidence. [Doc. 1 at 3]. The MAR was denied on November 13, 2014. [Id. at 3-4]. The Petitioner then sought certiorari review, which the appellate Court denied on December 29, 2014. [Id. at 17].

On March 17, 2015, the Petitioner filed a § 2254 petition for writ of habeas corpus in this Court on grounds that counsel was ineffective for failing to introduce evidence and that the trial court erred by denying the Petitioner's request for a voluntary manslaughter instruction. See [Docs. 1, 10] of Gaston v. Secretary, N.C. Dept. of Corrections, 3:15-cv-00126 (W.D.N.C.). This Court dismissed the petition on November 16, 2015 as barred by procedural default. Id. The Petitioner sought appellate review and the Fourth Circuit Court of Appeals upheld the dismissal. [Doc. 1 at 18]. The Petitioner then sought certiorari review by the U.S. Supreme Court, and his petition was denied on October 2, 2017. [Id.]; Gaston v. Perry, 138 S.Ct. 190 (Mem.), 199 L.Ed.2d 128 (2017).

The Petitioner filed a second MAR in Mecklenburg County on August 6, 2019 raising ineffective assistance of appellate counsel for failure to challenge the court's refusal to give manslaughter instruction and failure to raise ineffective assistance of trial counsel. [Id. at 4; 39-42]. The court denied the second MAR on September 17, 2020, holding that the Petitioner's claims were procedurally barred because he had sufficient information to raise his claims in his initial MAR filed in 2014. Id. The Petitioner sought certiorari review, which was denied on January 7, 2021. [Doc. 1 at 8; 46].

The Petitioner filed the pending § 2254 petition for writ of habeas corpus on January 6, 2022. [Doc. 1]. The petition raises infective assistance of trial counsel for deficient performance at trial and ineffective assistance of appellate counsel for failing to challenge the trial court's failure to give a voluntary manslaughter instruction. [Doc. 1 at 6-14].

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). Under 28 U.S.C. § 2244(b)((3)(A), "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

This Court dismissed the Petitioner's previous § 2254 petition on March 17, 2015 as barred by procedural default. See [Docs. 1, 10] of Gaston v. Secretary, N.C. Dept. of Corrections, 3:15-cv-00126 (W.D.N.C.). That dismissal was a decision on the merits and any subsequent habeas petition challenging the same conviction is successive under § 2244(b). See Harvey v. Horan, 278 F.3d 370, 379-380 (4th Cir. 2002)(dismissal of habeas petition for procedural default is a dismissal on the merits for purposes of determining whether § 2254 petition is successive).

The Petitioner has not obtained authorization from the appellate court to file a successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The instant § 2254 petition is an effort to challenge his judgment of conviction on grounds that were previously available. Therefore, this Court is without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy

§ 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

3. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge

5

Case 3:22-cv-00015-MR   Document 3   Filed 06/28/22   Page 5 of 5